IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER COUTURE, individually and as
mother and next friend of M.C., a minor child,

      Plaintiff,

vs.                                                                                               Civ. No. 05-972 JCH/DJS

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
ELIZABETH EVERITT, in her individual and
official capacity, DEBI HINES, in her
individual and official capacity, PAT WILLIS,
in her individual and official capacity, JOE
FLIPPO, in his individual and official capacity,
and JACQUELINE BRADY, in her individual
and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Summary Judgment on Grounds of Qualified Immunity for Defendants Everitt & Hines, filed May 1, 2006 **[Doc. No. 27]**. The Court, having considered the motion, brief, and relevant law and being otherwise fully informed, finds that the motion is well and will be **GRANTED.**

### BACKGROUND

Defendants Elizabeth Everitt and Debi Hines filed their motion for summary judgment on May 1, 2006. Defendants granted Plaintiff's counsel an extension of time until May 23, 2006, to respond to the motion. As of this date, Plaintiff has not responded to the motion. Pursuant to United States District Court for the District of New Mexico Local Rule 7.1(b), failure to respond to a motion constitutes consent to grant the motion.

The following facts are undisputed. Defendant Everitt became Superintendent of the

Albuquerque Public Schools (APS) in July 2003. Defendant Everitt did not have personal involvement in any aspect of the minor child's (hereinafter referred to as "M.C.") educational program, including the use of the time out room at Governor Bent Elementary School. Defendant Everitt did not personally participate in meetings regarding M.C.'s individualized education program, has never taught M.C., and, to the best her of knowledge, has never had contact with M.C.

Debi Hines became Director of APS Special Education in July 2001. Defendant Hines did not have personal involvement in any aspect of M.C.'s educational program, including the use of the time out room at Governor Bent Elementary School. Defendant Hines did not personally participate in meetings regarding M.C.'s individualized education program, has never taught M.C., and, to the best her of knowledge, has never had contact with M.C.

**STANDARD**

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). "'Instead, the movant only bears the

initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

      The standard for analyzing a motion for summary judgment shifts slightly if, as here, a defendant raises qualified immunity as a defense in a suit under 42 U.S.C. Section 1983. Qualified immunity bars Section 1983 suits against defendants in their individual--but not official--capacities. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citations omitted). Once a moving party raises the defense of qualified immunity, the nonmoving party must (1) assert facts

which, if true, would constitute a violation of a constitutional right, and (2) demonstrate that the "right was clearly established at the time such that a reasonable person in the [movant's] position would have known that [the] conduct violated the right." *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996) (citations omitted); *see also, e.g.*, *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  If a nonmoving party fails to satisfy this two-part burden, a court must grant the moving party qualified immunity.  *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

## DISCUSSION

Plaintiff brings claims against Defendants Everitt and Hines in their individual capacities pursuant to 42 U.S.C. Section 1983.[1]  In addition, Plaintiff's complaint could be construed to bring claims against Defendants in their individual and official capacities pursuant to the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act (ADA).  Defendants Everitt and Hines maintain that they are entitled to summary judgment in their favor on Plaintiff's claims because (1) qualified immunity protects them from Plaintiff's Section 1983 claims, and (2) Plaintiff's complaint has not alleged facts to support claims against Defendants Everitt and Hines under the IDEA, Section 504 of the Rehabilitation Act, or Title II of the ADA.  The Court will address these arguments in turn.

---

[1] In her complaint, Plaintiff asserts, "For purposes of the Section 1983 claims, Defendants Everitt, Hines, Willis, Flippo and Brady are sued in their individual capacities."  Compl. ¶ 16. Because Plaintiff has not brought any official capacity Section 1983 claims against Defendants Everitt and Hines, the Court need not consider Defendants' argument that they are entitled to summary judgment in their favor on Plaintiff's official capacity Section 1983 claims.

I.	Plaintiff's Section 1983 Claims.

Defendants argue that they are entitled to summary judgment in their favor on Plaintiff's Section 1983 claims because they are protected by qualified immunity. Having raised the defense of qualified immunity on summary judgment, Plaintiff was required to assert facts which, if true, would constitute a violation of M.C.'s constitutional rights. *Garramone*, 94 F.3d at 1449.

It is well established that a violation of Section 1983 cannot be predicated on negligence. *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). The Supreme Court has held, "[I]f a plaintiff merely shows that a supervisor 'should have known' that a subordinate was violating someone's constitutional rights and it is not established that the supervisor actually had such knowledge, the plaintiff will not have established a deliberate, intentional act by the supervisor to violate constitutional rights." *Id.* "At most, the plaintiff will have established only that the supervisor was negligent in not observing what he should have seen." *Id.*

Plaintiff has not responded to Defendants' motion seeking summary judgment in their favor on Plaintiff's Section 1983 claims, and therefore has not satisfied her burden of asserting facts which, if true, would demonstrate that Defendants Everitt and Hines committed a deliberate and intentional act. Indeed, Plaintiff has not even alleged facts in her complaint that would establish that these Defendants committed a deliberate and intentional act. Rather, Plaintiff has only alleged that Defendants "fail[ed] to ensure" that persons with disabilities were not punished because of their disabilities and that Defendants "fail[ed] to ensure" that teachers and educational assistants were properly trained. These allegations establish, and most, negligence, and a plaintiff cannot predicate Section 1983 liability on negligence. *Id.*

Plaintiff also has failed to allege facts which, if true, would demonstrate that Defendants

Everitt and Hines personally participated in a violation of a known constitutional right. A plaintiff may establish a deliberate, intentional act by the supervisor to violate constitutional rights by "showing [that] the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Beedle v. Wilson*, 422 F.3d 1059, 1073-74 (10th Cir. 2005) (citations omitted); *see also Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996). Defendants have testified, however, that they did not have personal involvement in any aspect of M.C.'s educational program and that they did not personally participate in meetings regarding M.C.'s individualized education program. Defendants also have testified that they never taught M.C., and, that, to the best their of knowledge, they never had contact with M.C. Plaintiff has not asserted any contrary facts. Because Plaintiff has not satisfied her burden of asserting facts which, if true, would constitute a violation of M.C.'s constitutional rights, Defendants Everitt and Hines are protected by qualified immunity and entitled to summary judgment in their favor.

To the extent Plaintiff's inaction theory rests on an alleged failure to train, Plaintiff's Section 1983 claims also must fail. A plaintiff alleging failure to train must allege facts which, if true, would prove that "the need for more or different training is so obvious, and the inadequacy [of training] so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Plaintiff has not set forth specific facts in response to the motion for summary judgment (and, indeed, has not set forth specific facts in her complaint) that would establish a constitutional violation based upon inadequate training. Accordingly,

Defendants are entitled to summary judgment in their favor on Plaintiff's Section 1983 claims.[2]

II.     Plaintiff's IDEA, Section 504, and ADA Claims.

Defendants Everitt and Hines also move for summary judgment on Plaintiff's claims under the IDEA, Section 504 of the Rehabilitation Act, and Title II of the ADA. Defendants' brief cites Plaintiff's complaint presumably to establish that Plaintiff has failed to set forth any facts supporting a claim against Defendants Everitt and Hines under the IDEA, Section 504, or the ADA. Defendants also argue (but present no evidence in support of their argument) that Plaintiff's counsel confirmed in a telephone conversation that Plaintiff was not bringing an IDEA, Section 504, or ADA claim against Everitt or Hines.

Having demonstrated that an absence of evidence exists to support a claim under the IDEA, Section 504, or the ADA against Defendants Everitt and Hines, Plaintiff was required to satisfy her summary judgment burden of identifying specific facts to support these claims. Plaintiff has not responded to the motion and therefore has not satisfied this burden. Moreover, Plaintiff has not disputed Defendants' assertion that Plaintiff conceded she is not bringing an IDEA, Section 504, or ADA claim against Everitt or Hines. Accordingly, the Court grants summary judgment in Defendants' favor and dismisses any IDEA, Section 504, or ADA claims against Everitt and Hines to the extent the complaint alleges these claims.

---

[2] Having determined that Plaintiff has failed to satisfy her summary judgment burden of asserting facts which, if true, would state a violation of a constitutional right, the Court need not determine whether the right was clearly established at the time such that a reasonable person in Defendants' position would have known that the conduct violated the right.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment on Grounds of Qualified Immunity for Defendants Everitt & Hines, filed May 1, 2006, **[Doc. No. 27]**, is hereby **GRANTED**; Plaintiff's claims against Defendants Elizabeth Everitt and Debi Hines are dismissed with prejudice in their entirety.

Dated this 15th day of March 2007.

                                                                                          _____
                                                                                          JUDITH C. HERRERA
                                                                                         UNITED STATES DISTRICT JUDGE