IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER COUTURE, individually and as
mother and next friend of M.C., a minor child,

      Plaintiff,

vs.                                                                      Civ. No. 05-972 JCH/DJS

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
ELIZABETH EVERITT, in her individual and
official capacity, DEBI HINES, in her
individual and official capacity, PAT WILLIS,
in her individual and official capacity, JOE
FLIPPO, in his individual and official capacity,
and JACQUELINE BRADY, in her individual
and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion and Brief in Support of Summary Judgment on Plaintiff's Tort Claims on the Grounds that They are Barred by the Statute of Limitations, filed October 20, 2006, **[Doc. No. 89]**. The Court, having considered the motion, memoranda, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be denied.

### BACKGROUND.[1]

Defendant APS is a governmental entity. Defendants Pat Willis, Joe Flippo, and Jacqueline Brady are public employees who were acting within the course and scope of their duties at all times material to the complaint.

---

[1] The following facts are either undisputed or construed in Plaintiff's favor.

Plaintiff Jennifer Couture filed a complaint against Defendants on September 4, 2005, alleging federal constitutional and statutory claims as well as state law claims pursuant to the New Mexico Tort Claims Act and New Mexico common law. Plaintiff's state law tort claims allege negligence and intentional torts in relation to the use of the timeout room by Defendants Willis, Flippo, and Brady. Plaintiff's tort claims relate to alleged acts or omissions occurring while her son Matthew Couture was a student at Governor Bent Elementary School.

Matthew has not attended Governor Bent Elementary School since January 9, 2003. Matthew's date of birth was February 4, 1996. Matthew turned nine years old on February 4, 2005.

APS employees Wendy Orr, Sarah Thompson, and Defendant Brady described their detentions of Matthew in the (74 1/3 inch by 74 ½ inch) timeout room between October 28, 2002, and January 9, 2003, in hand written notes. The Court incorporates by reference its summary of Matthew's placement in the timeout room contained in the handwritten notes (also referred to as timeout records) before the Court on the Motion for Summary Judgment of Defendants Brady, Flippo, and Willis. *See* Mem. Op. & Order, filed on even date herewith. Defendants did not provide Plaintiff with copies of these handwritten notes to her attorney until January 2005. Plaintiff testified that she did not receive copies of the notes until January or February 2005. At no time prior to her receipt of the timeout records was Plaintiff aware of the nature or length of the detentions or the emotional turmoil Matthew suffered while placed in the timeout room. Plaintiff filed her New Mexico Tort Claims Act Notice on April 13, 2005, and the lawsuit on September 9, 2005.

"Supervised time-out" was identified as a behavioral intervention in Matthew's October

16, 2002, Individualized Education Plan (IEP). Both Plaintiff and Jane Shindler, Matthew's grandmother, participated in the development of Matthew's IEP. Ms. Shindler specifically recalls that timeout was identified as a behavior intervention strategy for Matthew at the October 16, 2002, IEP meeting. Plaintiff, however, did not receive any information on October 16, 2002, that timeout as employed by Defendants would be used against Matthew abusively.

The IEP did not identify the specific type of timeout that would be used, including, among other things, using a separate timeout room, forcibly placing of Matthew in the timeout room against his will, barricading the door to the timeout room to prevent Matthew from leaving, struggling against Matthew to prevent him from leaving, preventing Matthew from using the bathroom, and detaining Matthew in the timeout room for prolonged periods of time without reference to Matthew's emotional state.

A daily notebook was passed back and forth between Plaintiff and Matthew's teachers each school day. Staff documented the school day events, including use of timeout. Plaintiff believes that the notebook was used only for a short time. To the extent it was used, Plaintiff testified that the notebook did not provide information about the specific uses of the timeout room for Matthew. Matthew's classroom teacher, who believes that the notebook existed but does not know where it is, testified that the information in the notebook would not have been as extensive as the information found in the timeout records.

Matthew's Behavior Intervention Plan, created on December 17, 2002, identified timeout as a behavior intervention strategy for Matthew. Plaintiff did not approve the use of the timeout room at the December 17, 2002 meeting, and Plaintiff was unaware of the specific nature or duration of the timeout being used against Matthew.

Plaintiff testified that upon seeing the timeout room, Plaintiff stated, "Ms. Brady, I'm not sure that this is legal, because it goes against what I was taught as a standard or practice restraining children in that manner." Plaintiff sought a discontinue of the use of timeout in December 2002.

## **STANDARD**

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56©, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). "Where the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendants argue that the Court should grant summary judgment in their favor on Plaintiff's state law tort claims because they are barred by the statute of limitations set forth in the New Mexico Tort Claims Act.  The NMTCA specifically provides, "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability." N.M. Stat. Ann. § 41-4-15(A).  Defendants argue that because Plaintiff did not file her tort claims (a) within two years after the date of the alleged occurrences resulting in loss, injury, or death, or (b) before Matthew's ninth birthday, that the statute of limitations has run and the Court should dismiss her claims.

A cause of action accrues when the plaintiff knows, or with reasonable diligence, should have known, of the injury and its cause.  *Roberts v. Southwest Community Health Servs.*, 114 N.M. 248, 255-56, 837 P.2d 442, 449-50 (N.M. 1992); *Maestas v. Zager*, 152 P.3d 141, 148 (N.M. 2007) (cause of action for a claim under the NMTCA accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause).  "The discovery rule

carries an inquiry obligation. A plaintiff must exercise reasonable diligence to discover a claim." *Williams v. Stewart*, 137 N.M. 420, 424, 112 P.3d 281, 285 (N.M. Ct. App. 2005); *Martinez-Sandoval v. Kirsch*, 118 N.M. 616, 622, 884 P.2d 507, 513 (N.M. Ct. App. 1994); *see also Zager*, 152 P.3d at 148.

Although Plaintiff was on notice that timeout was being used by Defendants as early as October 16, 2002, when the IEP specifying use of "supervised time-out" as a behavioral intervention was signed, Plaintiff saw the timeout room prior to January 9, 2003, while Matthew was still in Defendant Brady's classroom, and Plaintiff questioned the legality of the timeout room prior to January 9, 2003, the evidence construed in Plaintiff's favor does not indicate that Plaintiff was on notice of the duration, nature, and extent of the use of the timeout room, *i.e.*, no notice of injury, until January or February 2005. On the facts construed in Plaintiff's favor, a person exercising reasonable diligence would not know, based upon the IEP, the Behavioral Intervention Plan, the daily notebook, or observing the timeout room, that Defendants were, among other things, forcibly placing Matthew in the timeout room against his will, barricading the door to the timeout room to prevent Matthew from leaving, engaging in a physical struggling match with Matthew to prevent him from leaving, refusing to allow Matthew to use the bathroom, and detaining Matthew in the timeout room for prolonged periods of time without reference to Matthew's emotional state. Plaintiff testified that she did not receive copies of the timeout records, which revealed the nature and extent of Defendants' treatment of Matthew, until January or February 2005, and that at no time prior to her receipt of the timeout records was Plaintiff aware of the nature or length of the detentions. Once aware of the true nature of the timeouts, Plaintiff filed the lawsuit within approximately seven months, well before January or February of

2007, when that statute of limitations, under Plaintiff's theory, would have barred her claims.

In addition, Plaintiff presented evidence that she did not receive any information on October 16, 2002, that timeout would be employed abusively by Defendants, and the IEP itself, specified only use of the "supervised" and not "seculsionary" timeout as employed by Defendants. Furthermore, Plaintiff testified that she believed the notebook was used only for a short time, and that to the extent it was used, it did not provide information about the specific uses of the timeout room for Matthew. Indeed, Matthew's teacher conceded that the notebook would not have been as extensive as the information found in APS's timeout records. Plaintiff also presented evidence that she did not approve the use of the timeout room at the December 17, 2002 meeting. Based upon the foregoing facts, the Court concludes that Plaintiff has satisfied her summary judgment burden of pointing to specific facts that raise a genuine question whether a person exercising reasonable diligence should have known of Matthew's alleged injuries and its causes. The Court therefore denies Defendants' motion for summary judgment on Plaintiff's claims under the NMTCA.

Plaintiff also argues that the Court should deny Defendants' motion for summary judgment on a second, independent ground--namely, that New Mexico courts have held that the claims of a child who is not capable of meeting a statutory deadline cannot have that deadline applied to bar the child's right to legal relief. *Jaramillo v. Bd. of Regents of the Univ. of N.M.*, 130 N.M. 256, 258, 23 P.3d 931, 933 (N.M. Ct. App. 2001), *cert. quashed*, 135 N.M. 789, 98 P.3d 1294 (N.M. 2004). In *Jaramillo*, the New Mexico Court of Appeals reversed the trial judge's grant of summary judgment to the defendant university, declining to apply Section 41-4-15 to bar the plaintiff's suit, where a mother had filed suit shortly after the child's ninth birthday

for injuries that occurred with the child was two. *Id.* at 258, 23 P.3d at 932. The *Jaramillo* court based its holding upon *Rider v. Albuquerque Pub. Schs.*, 122 N.M. 237, 923 P.2d 604 (N.M. Ct. App.), *cert. denied*, 122 N.M. 227, 923 P.2d 594 (N.M. 1996), in which the Court of Appeals had refused to bar plaintiff's claims against APS on the ground that applying the 90-day notice provision in the NMTCA to a six-year-old student violated the due process clause of the New Mexico Constitution. In 2006, the New Mexico Supreme Court, reaffirmed the notion that due process prohibited the application of the NMTCA two-year statute of limitations to actions on behalf of minor children. In *Campos v. Murray*, the supreme court, in deciding how the limitations period should be applied to claims brought on behalf of an eleven-year-old child injured at the age of eight, upheld the reasoning of the Court of Appeals: "*Jaramillo* accurately articulates the law of this State." 139 N.M. 454, 457, 134 P.3d 741, 744 (N.M. 2006). The court reasoned, "A two-year-old, an eight-year-old, or even an eleven-year-old, are all equally unable to comply with the statute of limitations requirement at such a young age. Age is not the sole determinative inquiry . . . , but it is a primary factor to be taken into account in determining whether the statute of limitations is being reasonably applied." *Id.* at 457-58, 134 P.3d at 744-45. The court concluded that "the [plaintiff child] was eight when she was assaulted, and the TCA required that she file suit by age ten." *Id.* at 458, 134 P.3d at 745. "It [was] unreasonable as a matter of law to ignore the effects of such an extreme burden on a child of such tender years." *Id.*

Defendants do not dispute that New Mexico courts have refused to apply the two-year statute of limitations and the 90-day notice provision in the NMTCA against minors of a similar age to Matthew to bar the minors' claims. Rather, Defendants make two arguments that the

-8-

holdings of these cases are not applicable here. First, Defendants maintain that the Court should look to federal law construing the federal Constitution to determine whether the New Mexico Tort Claims Act's statute of limitations as applied to young children violates the due process rights of those children; because federal appellate courts have consistently rejected the argument that application of a federal statute of limitations to minors violates the due process clause of the federal Constitution, Defendants maintain that this Court should disregard *Campos* and other contrary New Mexico precedent directly on point. Defendants acknowledge that under the *Erie* doctrine, application of a state statute of limitations is a substantive question and therefore state law controls. Defendants maintain that in this case, however, "there is no issue to be decided with regards to the applicable limitations period. The statute is clear and [un]ambiguous. It provides that tort claims against governmental entities and employees must be brought within two years, but if a minor, [the] statute of limitations is extended until the minor's ninth birthday." Defendants ask the Court to ignore basic federalism principles that govern the proper distribution of judicial power between state and federal courts and to ignore the policy underlying *Erie*, which is to ensure the outcome of litigation in federal court is substantially the same as in state court. Defendants' argument is in direct contravention of the *Erie* doctrine, which holds that a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it is sitting. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Klaxson Co. v. Stento Elec. Mfg. Co.*, 313 U.S. 487 (1941). A statute of limitations is substantive; therefore, a federal court sitting in diversity looks to state law to determine whether a cause of action based upon state law has expired. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945). *Erie* principles apply equally in the context of supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966);

*Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 540 n.l (2d Cir. 1956); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

The New Mexico Supreme Court has concluded that the NMTCA's statute of limitations, no matter how clear on its face, violates the due process clause of the New Mexico Constitution as applied to minors of a certain age, and that that state of limitations therefore cannot not operate to bar such claims. *Campos*, 139 N.M. at 457-58, 134 P.3d at 744-45. This Court is bound to apply New Mexico law to any tolling or related questions regarding the statute of limitations applicable to NMTCA claims and may not simply disregard the explicit holding of the New Mexico Supreme Court because federal courts have held the opposite, *i.e.*, that applying the statute of limitations in the federal tort claims act to bar minors of a young age from bringing suit does not violate the federal Constitution. The Court therefore rejects Defendants' argument.

Defendants also argue, however, that *Campos*, *Jaramillo*, and *Rider* are inapplicable here because Plaintiff hired counsel prior to expiration of the statute of limitations and that the New Mexico Supreme Court has recognized that if a minor retains legal counsel within the statutorily imposed deadline, due process does not bar application of the statute of limitations. *Erwin v. City of Santa Fe*, 115 N.M. 596, 597-99, 855 P.2d 1060, 1061-63 (N.M. Ct. App. 1983); *Ferguson v. N.M. State Hwy. Comm'ns*, 99 N.M. 194, 196-97, 656 P.2d 244, 246-47 (N.M. Ct. App. 1982). In the present case, Plaintiff obtained counsel on or before November 19, 2004. Two and one-half months later, on February 4, 2005, Matthew reached his ninth birthday and the statutory period for filing his tort claims elapsed. In both *Erwin* and *Ferguson*, the court of appeals explained that there had been no showing that the minor's counsel could not have given notice within the statutory period. Plaintiff has not satisfied her burden of raising a factual question why

counsel could not file within the statutory period. Defendants, however, are not entitled to summary judgment in their favor because the Court already has held that Plaintiff has raised a genuine factual question with respect to when the statute of limitations in the NMTCA began to run.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Defendants' Motion and Brief in Support of Summary Judgment on Plaintiff's Tort Claims on the Grounds that They are Barred by the Statute of Limitations, filed October 20, 2006, **[Doc. No. 89]**, is DENIED.

Dated this 15th day of May 2007.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE