IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JENNIFER COUTURE, individually, and
as mother and next
friend of M.C., a minor child,**

        **Plaintiffs,**

v.                No. CIV 05-972 JH/DJS

**BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS, et al.,**

        **Defendants.**

ORDER DENYING PLAINTIFF'S MOTION
FOR CONSIDERATION OF ADDITIONAL
<u>EVIDENCE ON IDEA CLAIMS</u>

**THIS MATTER** comes before the Court on Plaintiff Jennifer Couture's Motion for consideration of Additional Evidence on IDEA Claims, filed November 1, 2006 **[Doc. No. 97]**. The Court, having considered the motion, memoranda, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

On November 19, 2004, Plaintiff Jennifer Couture, through her attorney Gail Stewart, Esq., filed a Due Process Hearing Request with the New Mexico State Department of Education. In her request, Plaintiff claimed that the Albuquerque Public Schools (hereinafter "APS") had failed to provide her son Matthew Couture with a free appropriate public education in several specifically identified ways and that APS had otherwise discriminated against her son. Plaintiff also set forth the remedies that she sought, which included requiring APS to place Matthew in a different classroom; prohibiting APS from using physical restraint and time out against Matthew; requiring APS to train its staff in the use of time out and physical restraint; ordering

APS to provide Matthew with compensatory education to address his learning disabilities; requiring APS to consult with Matthew's therapists to assess his educational needs; ordering APS to provide monetary compensation to Matthew for the discrimination and personal injuries he suffered; and requiring APS to pay Plaintiff's attorney fees and costs.

On November 23, 2004, the Due Process Hearing Officer (hereinafter "DPHO") sent written notices to counsel setting a telephonic pre-hearing conference on December 16, 2004, and identifying the matters the DPHO would address during the conference. These matters included the statute of limitations; anticipated pre-hearing motions; discovery issues; time estimates for the due process hearing; the public nature of the hearing; deadlines for the exchange of documentary evidence, including witness lists, disclosure of telephonic witnesses, identification of expert witnesses, and exchange of expert reports; extension of discovery deadlines; and identification of stay-put issues.

On December 17, 2004, one day after the telephonic conference, the DPHO issued a Scheduling Order setting forth in detail the deadlines for discovery and the identification of expert witnesses and reports (January 7, 2005) and for the identification of other witnesses and the exchange of proposed exhibits (February 7, 2005). The Scheduling Order also indicated that the DPHO would conduct the hearing from February 14, 2005, through February 18, 2005. The Scheduling Order further noted that the DPHO would limit the issues for hearing to those contained in Plaintiff's Request for Hearing. *See supra*.

Thereafter, Plaintiff requested a continuance of the due process hearing because her attorney had a conflict on one of the scheduled dates, and because her expert Pam Segel would be out of the country and unavailable on the scheduled dates. On January 11, 2005, in an effort to address Plaintiff's concerns, the DPHO entered a First Amendment to the Scheduling Order,

2

moving the due process hearing to March 7, 2005, through March 11, 2005, and setting a new deadline of February 25, 2005, for witness identification and exhibit exchange.

By letter dated February 4, 2005, APS's counsel informed the DPHO that Plaintiff was moving out of state and that Plaintiff had dis-enrolled Matthew from APS. Counsel for APS suggested that the move and disenrollment substantially changed the scope of the case. APS's counsel argued that fewer relevant issues remained in the case and that the parties therefore needed fewer days to conduct the hearing. The DPHO offered Plaintiff an opportunity to respond to APS's contentions, which Ms. Stewart did, on behalf of Plaintiff, in a letter dated February 9, 2005.

After considering of the letters of counsel, the DPHO issued a letter dated February 10, 2005, identifying the remaining claims for determination in light of Plaintiff's move to another state. Of the remedies Plaintiff requested, the DPHO identified "compensatory education designed to address the student's alleged learning disabilities (reading, writing, spelling)" as the only remedy remaining within her authority. The DPHO also modified the hearing schedule to reduce the number of hearing days from five to three, and to limit Plaintiff's allotted time from four days to two-and-one-half days.

Thereafter, the DPHO gave the parties an opportunity for further comment, and, after reviewing the positions of the parties, the DPHO reaffirmed her decision to limit the due process hearing to the question whether

> the district failed to consider the student's eligibility as a student with a specific learning disability, failed to document its decision not to classify him as a student with a learning disability, failed to provide special education consistent with the existence of a learning disability, and failed to write or implement IEPs reasonably calculated to confer meaningful educational benefit or to meet the student's unique needs as a student with a learning

3

disability.

Letter of DPHO, dated Feb. 24, 2005.

The DPHO conducted the due process hearing from March 7, 2005, through March 9, 2005. At the hearing, Plaintiff called fifteen witnesses, and APS called one witness.[1] The DPHO issued her Final Decision on April 25, 2005, and Plaintiff thereafter filed this appeal from that Decision. In considering an IDEA appeal, a district court reviews the decision below on a modified *de novo* basis. Under this standard, the court reviews the entire record below giving due weight to the findings of the DPHO, which the court considers *prima facie* correct. *L.B. v. Nebo Bd. of Educ.*, 379 F.3d 966 (10th Cir. 2004).

In support of her appeal, Plaintiff asks the Court to consider additional evidence, including (1) the testimony of witnesses who Plaintiff maintains were unavailable or not called based upon the DPHO's prehearing rulings (limiting the scope of the hearing to the issue of compensatory education); (2) evidence regarding Matthew's education in Texas, which followed his education at APS; (3) a site visit to Governor Bent Elementary School to observe the time out room; (4) APS and State of New Mexico policies and procedures regarding physical restraint and time out; and (5) testimony from Plaintiff regarding Matthew's present status.

Plaintiff bases her request for consideration of additional evidence on 20 U.S.C. Section 1415(i)(2)(B)(ii), which provides that a district court "shall hear additional evidence at the request of a party." Plaintiff suggests that, upon request, the Court must hear additional evidence. The Court disagrees. Additional evidence only includes evidence that is supplemental

---

[1] Notwithstanding the fact that Plaintiff requested a continuance of the original due process hearing date, in part, because of the unavailability of expert witness Pam Segel on the originally-scheduled date, Ms. Segel did not testify at the hearing.

4

to the record, such as evidence that fills in gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.  *Miller ex rel. S.M. v. APS*, 455 F. Supp. 2d 1286 (D.N.M. 2006); *see also Nebo Sch. Dist.*, 379 F.3d at 974 ("additional evidence" is "merely supplemental to the administrative record").  A requesting party must provide some solid justification for its request that a district court hear additional evidence.  *E.S. v. Indep. School Dist., No. 196*, 135 F.3d 566 (8th Cir. 1998).  Hearing additional evidence is warranted only if the movant provides a particularized and compelling justification for doing so, including an explanation both as to why the movant did not present the evidence at the administrative level, and why the evidence is probative of the issues before the court.  *Cf. Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018 (E.D. Wis. 2004).

     Here, Plaintiff has taken the position that the Court should allow additional evidence because the DPHO limited the issues for consideration at the due process hearing.  Plaintiff, however, has not indicated what the additional evidence she seeks to admit would show or why she did not present this additional evidence below.  Indeed, upon the Court's review, it is clear that Plaintiff could have presented much of the additional evidence below.  For example, as noted above, the DPHO rescheduled the due process hearing in part to accommodate Plaintiff's expert Pam Segel, and yet Plaintiff did not call Ms. Segel to testify at the due process hearing.  In addition, although Plaintiff now maintains that she needs to call witnesses to impeach Ms. Brady, whom the DPHO found to be credible in her Findings of Fact, Plaintiff does not explain why she did not impeach Ms. Brady at the administrative level.  Plaintiff also now asks for a site visit to Governor Bent Elementary School, but does not explain why a site visit would be helpful

or why she did not seek it at the due process hearing.

The additional evidence that Plaintiff could not have presented at the due process hearing relates to Matthew's educational experiences after Plaintiff dis-enrolled him from APS. The DPHO determined that this evidence was beyond her authority to address. The Court finds no error in this determination, and Plaintiff has not pointed the Court to any error. Evidence of Matthew's educational experiences after he attended APS is not relevant to Plaintiff's IDEA claims, because Plaintiff is not seeking prospective relief or compensatory education for Matthew at APS. Moreover, the Court also notes that supplementing the record with events occurring after the administrative hearing defeats the purpose of the administrative process, which is to allow a hearing officer to review a plaintiff's claims first. *Moseley v. APS*, Civ. No. 04-103 JC/RLP (D.N.M.); *see also A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152 (D. Conn. 2006) (rejecting a parent's request to supplement the record by providing evidence of events occurring during the school year subsequent to the year litigated at the due process hearing because to do so would effectively require a *de novo* trial of issues arising during the new school year).

Plaintiff has not provided a particularized and compelling justification for hearing additional evidence. Plaintiff has not explained why she did not present the evidence she seeks to present now at the administrative level or why the evidence is probative of the issues presently before the Court. *Cf. E.S.*, 135 F.3d 566; *Konkel*, 348 F. Supp. 2d 1018. The Court therefore denies Plaintiff's motion.

**IT THEREFORE IS ORDERED** that Plaintiff's Motion for Consideration of Additional Evidence on IDEA Claims, filed November 1, 2006 **[Doc. No. 97]**, is hereby **DENIED**.

Dated this 29th day of May 2007.

                                                                                            _____
                                                                                            JUDITH C. HERRERA
                                                                                            UNITED STATES DISTRICT JUDGE