IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JENNIFER COUTURE, individually and
as mother and next friend of M.C., a
minor child,**

                       **Plaintiff,**

vs.                                                   **Civ. No.  05-972 JH/DJS**

**BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS, et al.,**

                        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' *Motion to Amend or Supplement Answer* [Doc. No. 191].  In the motion, Defendants request leave of Court to amend their answer to add the defense that Plaintiff's state law negligence claim is preempted by the Paul D. Coverdell Teacher Protection Act of 2001 ("the TPA"), 20 U.S.C. § 6731-6738.  Plaintiff objects, arguing that the defense is untimely raised and the TPA is inapplicable.  The Court has reviewed the authorities and arguments of the parties and concludes that the motion to amend should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2005, Plaintiff filed her original complaint in this case asserting that Defendants denied her son, M.C., a free appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, and also claiming that Defendants violated his rights under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.  Pursuant to 42 U.S.C. § 1983, Plaintiff claimed that Defendants violated her son's constitutional rights to be free from

unreasonable seizure, as well as his rights to procedural and substantive due process and equal protection. Plaintiff also included state law claims for negligence and intentional torts. On October 14, 2005, Defendants answered the complaint, making no mention of the TPA as a possible defense.

In accordance with the Initial Scheduling Order, the parties filed various motions for summary judgment. After rulings on those motions by this Court, as well as an interlocutory appeal to the Tenth Circuit, all that remains in this case are Plaintiff's claims of discrimination under the ADA and the Rehabilitation Act, and her state law claim of negligent use of the timeout room.

On February 12, 2010—approximately four and a half years after the case began—the parties filed their joint, proposed Pretrial Order.[1] In this district, the Plaintiff prepares her portion of the Pretrial Order first and then sends it to the Defendant, who completes it and is responsible for submitting it to the Court. Thus, Defendants had the opportunity to read Plaintiff's portion of the Pretrial Order and raise the TPA defense in their own portion of the order. However, Defendants made no mention of the TPA in the Pretrial Order. Instead, on February 18, 2010, Defendants filed the motion to amend or supplement their answer that is presently before the Court.

## DISCUSSION

Plaintiff opposes the motion to amend on two grounds. She contends that the motion is untimely, and that even if timely, it is without merit. Defendants argue that the motion is timely and that leave to amend should be liberally granted under Rule 15(b).

I.      **THE STRUCTURE AND PURPOSE OF THE TPA**

According to the TPA, its purpose "is to provide teachers, principals, and other school

---

[1] The case was set for a jury trial on an April 19, 2010 trailing calendar, but on March 26, 2010 the Court granted Plaintiff's unopposed motion to continue the trial. The case is now set for trial on November 15, 2010.

professionals the tools they need to undertake reasonable actions to maintain order, discipline, and an appropriate educational environment." 20 U.S.C. § 6732. The TPA provides for limitations on liability for teachers. Section 6736(a) of the statute states:

> Except as provided in subsection (b) of this section, no teacher in a school shall be liable for harm caused by an act or omission of the teacher on behalf of the school if—
> (1) the teacher was acting within the scope of the teacher's employment or responsibilities to a school or governmental entity;
> (2) the actions of the teacher were carried out in conformity with Federal, State, and local laws (including rules and regulations) in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school;
> (3) if appropriate or required, the teacher was properly licensed, certified, or authorized by the appropriate authorities for the activities or practice involved in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the teacher's responsibilities.
> (4) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher; and
> (5) the harm was not caused by the teacher operating a motor vehicle . . . .

The TPA also provides that a defendant teacher is liable only for the amount of noneconomic loss allocated to that defendant in direct proportion to his own percentage of responsibility for the harm to the claimant. *Id*. at § 6737(b)(1)(A). The statute explicitly preempts state laws to the extent that such laws are inconsistent, unless that state law provides additional protection from liability to teachers. *Id*. at § 6735(a). The TPA does not preempt claims brought under state and federal civil rights laws. *Id.* at § 6736(d)(1)(C).

## II.   IS THE MOTION TIMELY?

At this stage of the proceedings, Defendants may amend their answer only by leave of court. Fed. R. Civ. P. 15(a). Although such leave "shall be freely given when justice so requires", *id.*, whether to grant such leave "is within the discretion of the trial court." *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'" *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).

Plaintiff contends that Defendants' motion to amend their answer is untimely, noting that it comes four and a half years after the filing of their complaint, after protracted motion practice before both this Court and the Tenth Circuit, and after the entry of the Pretrial Order. On the other hand, Defendants argue that their motion is timely, reasoning that they could not have known until after the filing of the Pretrial Order that the TPA preempted Plaintiff's state law claims. They claim that the defense became ripe with the entry of the Pretrial Order, which they argue "clarifies that the factual basis for Plaintiff's discrimination claims differs from the factual basis for the negligence claims." Doc. No. 191 at 1. According to Defendants:

> [T]he factual basis for Plaintiff's negligence claim, use of the time out room, differs from the factual basis of the remaining ADA claims. By disposing of civil rights claims based on use of the time out room, the legal determinations of this Court and the Tenth Circuit now make applicable the defenses under the [TPA]. The Pretrial Order makes clear that the remaining discrimination claims are not based on use of the time out room. Thus, the defenses in the [TPA] are now ripe for consideration.

*Id.* at 4.

The Court has struggled to comprehend Defendants' argument. It appears that Defendants are suggesting that the TPA could not have preempted Plaintiff's negligence claim while the factual basis for that negligence claim was the same as the factual basis of one or more of Plaintiff's civil rights claims. Defendants cite no authority for this argument, and nothing in the TPA indicates that if a state law negligence claim and a federal civil rights claim are based upon the same alleged facts, then the negligence claim cannot be preempted by the statute. In other words, it is entirely possible for one legal cause of action to be preempted while another, based upon the same facts, is not. Even

if the foregoing were not true, there is nothing new that has arisen in the case to now trigger the application of the TPA.  Throughout this case, the negligence claim has not changed in any material respect, and therefore Defendants could have pled their TPA defense long ago instead of waiting until after entry of the Pretrial Order.  In short, it is clear to the Court that the Defendants should have raised the TPA preemption argument as a defense to the negligence claim much earlier.  At this stage of the litigation, the motion to amend the answer is untimely.

### III.	IS THE MOTION TO AMEND FUTILE?

Having concluded that the motion to amend should be denied as untimely, the Court need not reach Plaintiff's second argument, which is that the TPA defense is futile.

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Amend or Supplement Answer* [Doc. No. 191] is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE